ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| MARICARMEN ORTIZ RODRÍGUEZ<br><br>Demandante - Apelada<br><br>v.<br><br>VICENTE PÉREZ TORRES<br><br>Demandado - Apelante | TA2026AP00041 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: VI2025CV0016<br><br>Sobre: Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de febrero de 2026.

Comparece la parte demandada y apelante, Sr. Vicente Pérez Torres, para solicitar la revocación de la *Sentencia* emitida el 21 de noviembre de 2025, notificada el día 25 siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). En ésta, el TPI declaró con lugar la *Moción de sentencia sumaria* instada por la parte demandante y apelada, Sra. Maricarmen Ortiz Rodríguez. En consecuencia, ordenó al señor Pérez Torres a satisfacer a favor de la señora Ortiz Rodríguez la deuda líquida, vencida y exigible de $86,200.00.

**I.**

El 10 de febrero de 2025 la señora Ortiz Rodríguez presentó una *Demanda* sobre cobro de dinero, incumplimiento de contrato, daños y perjuicios contra el señor Pérez Torres.[1] Alegó que acordó verbalmente con el demandado un contrato de depósito; que le entregó una suma dineraria de $87,200.00 para su custodia y eventual devolución, según el correspondiente requerimiento. No obstante, explicó que solicitó infructuosamente la restitución de los fondos. Añadió que el demandado había dispuesto del dinero sin su autorización. Así, pues, imputó

---

[1] Entrada 1 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

incumplimiento contractual, por lo que reclamó la devolución del dinero, daños resarcibles por $20,000.00, más las costas y honorarios de abogado.

El señor Pérez Torres solicitó la desestimación de la causa, al amparo de la Regla 10.2 de Procedimiento Civil; específicamente los fundamentos de falta de jurisdicción sobre la persona; dejar de exponer una reclamación que justifique la concesión de un remedio; y dejar de acumular una parte indispensable.[2] En cuanto a la falta de parte indispensable, aludió al Sr. Adalberto Martínez Lee y a la Sociedad Legal de Gananciales constituida entre éste y la demandante. Afirmó que el dinero no pertenecía exclusivamente a la señora Ortiz Rodríguez. Expuso que las sumas depositadas se hicieron a escondidas del señor Martínez Lee, quien era el verdadero dueño. Además, negó el perfeccionamiento de contrato alguno, por lo que coligió la ausencia de una obligación y daños.

La señora Ortiz Rodríguez se opuso a la desestimación.[3] Sostuvo la suficiencia y plausibilidad de sus alegaciones. Aseveró que el señor Martínez Lee o la comunidad postganancial no eran partes indispensables para emitir un decreto completo respecto a las controversias planteadas en la *Demanda*. Enfatizó que las partes contratantes eran únicamente los litigantes y que el origen de los fondos constituía una cuestión ajena a la controversia principal sobre el contrato de depósito y su incumplimiento. Agregó que, conforme el ordenamiento legal, cualquiera de los cónyuges o comuneros tenía legitimación activa para representar los intereses comunes en los tribunales. La señora Ortiz Rodríguez unió al escrito dos declaraciones juradas: una propia y otra suscrita por el señor Martínez Lee. En el

---

[2] Entrada 14 SUMAC. El demandado presentó una alegación responsiva que luego peticionó retirar, pero el TPI aceptó la *Contestación a demanda*; véanse, entradas 15, 17 y 20 SUMAC. En el referido escrito judicial, el demandante negó escuetamente las alegaciones y presentó varias defensas afirmativas similares a las expuestas en la petición desestimatoria.

[3] Entrada 22 SUMAC.

documento, el declarante testimonió tener conocimiento del pleito, rechazó tener interés en ser parte y refrendó las alegaciones de la demandante en su acción civil.

Luego de celebrar una vista argumentativa, el 16 de junio de 2025, el TPI declaró no ha lugar la petición desestimatoria.[4] En la audiencia, además, se pautó el cierre del descubrimiento de prueba hasta el 15 de septiembre de 2025.

Ya iniciado dicho procedimiento, con la anuencia del TPI y sin la oposición de la parte demandada,[5] la señora Ortiz Rodríguez enmendó la reclamación para delimitar unas alegaciones, conforme habían surgido de la evidencia descubierta.[6] A saber: que el acuerdo verbal de depósito entre las partes fue otorgado en junio de 2022; que la cuenta de ahorros donde se hicieron los depósitos fue abierta por el demandado el 15 de julio de 2022; y que la suma adeudada era de $86,860.00.

Observados varios trámites innecesarios de pormenorizar,[7] el 23 de septiembre de 2025, la señora Ortiz Rodríguez presentó una *Moción de sentencia sumaria*.[8] Anejó a la petición abreviada una declaración jurada suya, el contrato de apertura de la cuenta de ahorros a nombre del demandado, estados bancarios de dicha cuenta, instrumentos de descubrimiento de prueba (interrogatorio y admisiones) con sus respectivas contestaciones y el testimonio jurado del señor Martínez Lee ya mencionado.

El señor Pérez Torres se opuso a la resolución por la vía de apremio.[9] En síntesis, esgrimió que el descubrimiento de prueba no había culminado, que el contrato era nulo *ab initio* por causa ilícita e insistió en la falta de parte indispensable. A base de lo anterior, expuso

---

[4] Entradas 37 y 39 SUMAC. En la audiencia, además, se discutió el *Informe de manejo de caso*; véase, entradas 29 y 32.
[5] Entrada 47 SUMAC.
[6] Entrada 43 SUMAC.
[7] El señor Pérez Torres no instó alegación responsiva, sino que reiteró su solicitud desestimatoria, a la que la señora Ortiz Rodríguez se opuso y el TPI dispuso sin lugar en la *Sentencia* final. Véanse, entradas 50, 54 y 68 SUMAC.
[8] Entrada 55 SUMAC.
[9] Entrada 58 SUMAC.

las siguientes controversias: (1) El alegado contrato carece de causa lícita lo que vicia su perfeccionamiento. (2) La demandante, a la fecha de los hechos, tenía constituida una Sociedad Legal de Gananciales y la misma no es parte del pleito, el entonces esposo tampoco. (3) El Sr. Adalberto Martínez, exesposo de la demandante, es parte indispensable en el presente caso. Sin embargo, no forma parte de éste. (4) La parte demandante alega la existencia de un contrato verbal de depósito. No puede existir un contrato de depósito cuando la razón para tal proceder es una ilícita y sobre un dinero que no le pertenecía.

La demandante replicó la oposición, entre otras razones, por ésta no ser conforme a las formalidades de la norma procesal que rige el mecanismo sumario.[10] El demandado presentó una dúplica, en la que reiteró sus previos argumentos.[11]

Ponderadas las posturas, el 25 de noviembre de 2025, el TPI notificó la *Sentencia* apelada. Encontró probados los siguientes hechos:

1. El 25 de junio de 2022, el demandado Sr. Pérez Torres abrió la cuenta de ahorros número 508-453594 en el Banco Popular de Puerto Rico.[12]

2. En junio de 2022, las partes perfeccionaron un contrato verbal de depósito mediante el cual el Sr. Pérez Torres se obligó a recibir y custodiar dinero de la demandante Sra. Ortiz Rodríguez con la obligación de restituirlo cuando ella se lo solicitara.[13]

3. Durante el periodo comprendido entre julio de 2022 y octubre de 2024, la demandante realizó múltiples depósitos de dinero en la cuenta bancaria número 508-453594 del demandado en el Banco Popular de Puerto Rico. Además, dichos depósitos fueron realizados por la demandante en diversas sucursales del Banco Popular del área metropolitana que quedaban cerca de la residencia y del lugar de trabajo de la demandante.[14]

4. Los depósitos realizados por la demandante en la cuenta del demandado ascendieron a la suma total de **OCHENTA Y SEIS MIL DOSCIENTOS SESENTA DÓLARES ($86,260.00)**, desglosados de la siguiente manera:

• Año 2022: $9,400.00

• Año 2023: $35,680.00

---

[10] Entrada 59 SUMAC.
[11] Entrada 62 SUMAC.
[12] Entrada 55 SUMAC, Anejos 1 (acápite 7) y 2.
[13] Entrada 55 SUMAC, Anejo 1 (acápites 5-6).
[14] Entrada 55 SUMAC, Anejos 1 (acápites 8-9) y 3.

• Año 2024: $41,180.00.[15]

5. La demandante realizó los siguientes depósitos en efectivo en las sucursales del Banco Popular de Puerto Rico:[16]

**Año 2022:**

• 18 de julio: Sucursal San Patricio Gallery - $500.00[17]

.　　.　　.　　.　　.　　.　　.　　.

**Año 2023:**

• 12 de enero: Sucursal Plaza Las Américas - $5,780.00[18]

.　　.　　.　　.　　.　　.　　.　　.

**Año 2024:**

• 11 de enero: Sucursal San Patricio Gallery - $2,000.00[19]

.　　.　　.　　.　　.　　.　　.　　.

6. El demandado admitió bajo juramento haber recibido depósitos de la demandante en su cuenta bancaria durante el periodo en controversia.[20]

7. En su *Contestación al Requerimiento de Admisiones* juramentada el 30 de mayo de 2025, el demandado Sr. Pérez Torres admitió expresamente lo siguiente:[21]

• Que mantenía cuentas bancarias en instituciones financieras en Puerto Rico durante el periodo en controversia.

• Que recibió depósitos de dinero de la demandante en sus cuentas bancarias.

• Que la cuenta de ahorros número 508-453594 del Banco Popular le pertenece.

• Que durante el periodo en que recibió los depósitos, nunca le notificó a la demandante que no tenía intención de devolverle dichos fondos.

• Que sabía que la demandante confiaba en que mantendría custodiado el dinero que le pertenecía a ella y se lo devolvería cuando lo solicitara.

8. Según se desprende del acuerdo entre las partes, el demandado se comprometió a custodiar el dinero depositado por ella y devolvérselo cuando la demandante se lo solicitara, sin que él tuviera autorización para utilizar dichos fondos para fines personales o de cualquier otra índole.[22]

9. El 3 de diciembre de 2024, la demandante solicitó al demandado la devolución del dinero depositado por ella.[23]

10. A pesar de haberle sido solicitada la devolución del dinero, el demandado no ha restituido cantidad alguna a la demandante.[24]

---

[15] Entrada 55 SUMAC, Anejos 1 (acápites 12-15) y 3.
[16] Entrada 55 SUMAC, Anejos 1 (acápites 12-14) y 3.
[17] Entrada 55 SUMAC, Anejo 3.
[18] Entrada 55 SUMAC, Anejo 3.
[19] Entrada 55 SUMAC, Anejo 3.
[20] Entrada 55 SUMAC, Anejos 4-5 (acápite 12).
[21] Entrada 55 SUMAC, Anejos 6-7 (acápites 1, 7, 34, 48 y 50).
[22] Entrada 55 SUMAC, Anejo 1 (acápites 6, 18 y 22).
[23] Entrada 55 SUMAC, Anejo 1 (acápite 19).
[24] Entrada 55 SUMAC, Anejo 1 (acápite 23).

11. El demandado admitió que utilizó para su beneficio personal y en su totalidad el dinero depositado por la demandante.[25]

12. La demandante Maricarmen Ortiz Rodríguez se divorció de Adalberto Martínez Lee el 18 de noviembre de 2024.[26]

13. El Sr. Martínez Lee tiene conocimiento de los depósitos realizados por la demandante en la cuenta del demandado y ha manifestado bajo juramento que no tiene interés en figurar como parte en este caso.[27]

14. Cualquier asunto relacionado con la comunidad postganancial que pudiera existir entre la demandante y el señor Martínez Lee es un asunto privado fuera de la injerencia o del interés del demandado Vicente Pérez Torres, y no se relaciona con las controversias que se ventilan en este caso.[28]

15. Como resultado del incumplimiento del demandado y su negativa a devolverle su dinero, la demandante ha tenido que incurrir en gastos de representación legal para recuperar lo que legítimamente le pertenece.[29]

Al tenor de las aseveraciones fácticas anteriores, el TPI declaró con lugar la petición sumaria y condenó al señor Pérez Torres a pagar la suma de $86,200.00 en concepto de la deuda líquida, vencida y exigible reclamada,[30] así como las costas y gastos incurridos por la señora Ortiz Rodríguez en el caso e intereses legales desde la fecha de su notificación, a la tasa aplicable de 8.50%.[31]

Inconforme, el señor Pérez Torres solicitó en fecha oportuna, pero sin éxito, la reconsideración de la determinación judicial.[32] El TPI notificó su negativa el 11 de diciembre de 2025.[33]

No conteste aún, el demandado acudió ante nos el 12 de enero de 2026,[34] mediante un recurso apelativo, y señaló la comisión de los siguientes errores:

**PRIMER ERROR COMETIDO:**
ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, HONORABLE HAMED SANTAELLA CARLO, JUEZ SUPERIOR, AL RESOLVER QUE NO HUBO

---

[25] Entrada 55 SUMAC, Anejos 4-5 (acápite 19) y 6-7 (acápite 14).
[26] Entrada 55 SUMAC, Anejos 1 (acápite 17) y 8 (acápite 2).
[27] Entrada 55 SUMAC, Anejo 8 (acápites 3-4).
[28] Entrada 55 SUMAC, Anejos 1 (acápite 17) y 8 (acápite 7).
[29] Entrada 55 SUMAC, Anejo 1 (acápites 24-25).
[30] Existe una diferencia de $60.00 entre la suma probada y la concedida.
[31] Entrada 68 SUMAC.
[32] Entrada 69 SUMAC.
[33] Entrada 70 SUMAC.
[34] El día 10 de enero de 2026 fue sábado, por lo que el lunes, 12 fue el siguiente día hábil para presentar el recurso apelativo.

FALTA DE PARTE INDISPENSABLE SEGÚN SE RECLAM[Ó] EN LA SOLICITUD DE DESESTIMACI[Ó]N.

**SEGUNDO ERROR COMETIDO:**
ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, HONORABLE HAMED SANTAELLA CARLO, JUEZ SUPERIOR, AL RESOLVER QUE ENTRE LAS PARTES SE CONFIGUR[Ó] UN CONTRATO DE DEP[Ó]SITO, A PESAR DE ESTABLECERSE QUE TAL PRETENCI[Ó]N PROVOCA LA NULIDAD ABSOLUTA DEL ALEGADO CONTRATO.

**TERCER ERROR COMETIDO:**
ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, HONORABLE HAMED SANTAELLA CARLO, JUEZ SUPERIOR, AL DETERMINAR QUE NO EXISTE CONTROVERSIA DE HECHOS MATERIALES Y QUE PROCED[Í]A DICTAR SENTENCIA SUMARIA A PESAR DE LA DECLARACI[Ó]N JURADA EN APOYO AL RECLAMO QUE PRESENT[Ó] EL DEMANDADO.

**CUARTO ERROR COMETIDO:**
ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, HONORABLE HAMED SANTAELLA CARLO, JUEZ SUPERIOR, AL DECLARAR HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA QUE PRESENT[Ó] LA PARTE DEMANDANTE, A PESAR DE A[Ú]N NO HABERSE REALIZADO DESCUBRIMIENTO DE PRUEBA.

**QUINTO ERROR COMETIDO:**
ERR[Ó] Y ABUS[Ó] DE SU DISCRECI[Ó]N EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE PONCE, JUEZ SUPERIOR, HONORABLE HAMED SANTAELLA CARLO, AL REFRENDAR LAS ALEGACIONES DE LA APELADA, A PESAR DE A TODAS LUCES SER CONTRARIAS A DERECHO.

En cumplimiento de nuestra *Resolución,* la señora Ortiz Rodríguez presentó su *Alegato en oposición* el 30 de enero de 2026. Con el beneficio de ambas comparecencias, procedemos a resolver.

## II.

## A.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo o en los méritos. S.*L.G. Sierra v. Rodríguez,* 163 DPR 738, 745 (2005). Por virtud de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, nuestro ordenamiento procesal civil dispone de varios

supuestos mediante los cuales una parte puede solicitar la desestimación de una acción en su contra. Reproducimos en parte la norma procesal:

> Toda defensa de hechos o de derecho contra una reclamación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada: (1) Falta de jurisdicción sobre la materia; (2) Falta de jurisdicción sobre la persona; (3) Insuficiencia del emplazamiento; (4) Insuficiencia del diligenciamiento del emplazamiento; (5) Dejar de exponer una reclamación que justifique la concesión de un remedio; (6) Dejar de acumular una parte indispensable.
>
> . . . . . . . .

A los fines de disponer de una moción de desestimación, el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda y que hayan sido aseveradas de manera clara. *Torres Torres v. Torres et al.,* 179 DPR 481, 501 (2010); *Perfect Cleaning v. Cardiovascular,* 172 DPR 139, 149 (2007); *Colón v. Lotería,* 167 DPR 625, 649 (2006). De igual modo, la demanda no debe desestimarse a menos que se desprenda con toda claridad y certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank,* 193 DPR 38 (2015).

**B.**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, gobierna el mecanismo de la sentencia dictada sumariamente. *Batista Valentín v. Sucn. Batista Valentín,* 2025 TPSR 93, 216 DPR __ (2025). La norma procesal permite a los tribunales disponer parcial o totalmente de litigios civiles. *León Torres v. Rivera Lebrón,* 204 DPR 20, 51 (2020). De esta manera, se aligera la conclusión de los pleitos, sin la celebración de un juicio en sus méritos, siempre y cuando no exista una legítima controversia de hechos medulares, de modo que lo restante sea aplicar el derecho. Véase, *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 109 (2015); *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001). En este sentido,

un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas, supra,* pág. 110. Por ello, de existir alguna controversia, ésta "debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). La sentencia sumaria se dicta en casos claros. Por tanto, si no existe una certeza prístina sobre todos los hechos materiales que motivaron el pleito, no procede que se resuelva el pleito por la vía abreviada. *Pérez Vargas v. Office Depot,* 203 DPR 687, 699 (2021) y los casos allí citados.

En cuanto a la revisión *de novo* de un dictamen sumario, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) únicamente consideramos los documentos que se presentaron ante el foro de primera instancia; y (2) sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales. Además de evaluar el cumplimiento de los requisitos formales y examinar el expediente de la manera más favorable hacia la parte que se opuso a la solución abreviada, llevando a cabo todas las inferencias permisibles a su favor, este tribunal debe realizar un examen dual que consiste, primero, en analizar los documentos que acompañan la solicitud de sentencia sumaria y en la oposición, así como aquellos que obren en el expediente del tribunal; y segundo, determinar si el oponente de la moción controvirtió algún hecho material y esencial; o si hay alegaciones de la demanda que no han sido refutadas en forma alguna por los documentos. De encontrar que los hechos materiales realmente están incontrovertidos, entonces, procedemos a revisar si el foro judicial impugnado aplicó correctamente el derecho a la controversia. *Meléndez González et al. v. M. Cuebas, supra,* págs. 117-121; *Vera v. Dr. Bravo,* 161 DPR 308, 333 (2004).

## C.

La acumulación indispensable de partes está regulada por la Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, R. 16. Una *parte indispensable* es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada, estando esta persona ausente del litigio. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 222-223 (2007); *Consejo Cond. Plaza del Mar v. Jetter,* 169 DPR 643, 665 (2006); *Romero v. S.L.G. Reyes,* 164 DPR 721, 733 (2005). A estos efectos, la Regla 16.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, estatuye que toda persona que tuviere un interés común, sin cuya presencia no pueda adjudicarse la controversia, se hará formar parte del pleito, ya sea como parte demandante o demandada, según corresponda. Esta regla aspira evitar que el ausente sea privado de su propiedad sin un debido proceso de ley y "que el remedio adjudicado sea completo". *Romero v. S.L.G. Reyes, supra,* págs. 733-734.

Ahora, ese *interés* al que hace referencia la norma procesal no es cualquier interés en el pleito, sino que debe ser "de tal orden que impid[a] la confección de un derecho sin afectar los derechos de la persona ausente". *Pérez Rosa v. Morales Rosado, supra,* pág. 223. Se trata, pues, de un interés real e inmediato, no futuro, y no de meras especulaciones. *Torres v. Alcalde Mun. de Carolina,* 135 DPR 108, 121 (1994). Para determinar si se debe acumular una parte, es necesario evaluar los hechos particulares de cada caso y varios factores, tales como: tiempo, lugar, modo, clase de derechos, alegaciones, prueba, intereses en conflicto, formalidad y resultado. *Sánchez v. Sánchez,* 154 DPR 645, 678 (2001). Es decir, los tribunales tienen que hacer un juicioso análisis que incluya la determinación de los derechos de un ausente y las consecuencias de no ser unido como parte en el procedimiento. Es importante determinar si el tribunal podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente. *Romero v. S.L.G. Reyes, supra,* págs. 732-733.

En ausencia de una parte indispensable, el tribunal carece de jurisdicción para adjudicar las controversias ante sí. *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511 (2015); *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 677-678 (2012). Debido a lo anterior, el reclamo de falta de parte indispensable es privilegiado e irrenunciable, por lo que puede ser presentado en cualquier etapa procesal o *sua sponte* por los tribunales. *Romero v. S.L.G. Reyes*, *supra*, pág. 733. Si en efecto la primera instancia judicial reconoce "que está ausente una parte indispensable, se debe desestimar la acción". *Id.,* pág. 734. No obstante, la desestimación bajo este fundamento no tendrá el efecto de una adjudicación en los méritos, ni tendrá efecto de cosa juzgada. *Id.*

**D.**

El Código Civil define la figura de la *obligación* como "el vínculo jurídico de carácter patrimonial en virtud de la cual el deudor tiene el deber de ejecutar una prestación que consiste en dar, hacer o no hacer algo en provecho del acreedor, quien, a su vez, tiene un derecho de crédito para exigir el cumplimiento". Art. 1060 del Cód. Civil, 31 LPRA sec. 8981. En nuestro ordenamiento jurídico, los contratos son parte de las fuentes de esas obligaciones. Art. 1063 del Cód. Civil, 31 LPRA sec. 8984. Un contrato es un "negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". Art. 1230 del Cód. Civil, 31 LPRA sec. 9751. Es norma asentada que, en cuanto a las obligaciones contractuales, "[l]o acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros en la forma que dispone la ley". Art. 1233 del Cód. Civil, 31 LPRA sec. 9754; *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 994 (2024); *S.L.G. Irizarry v. S.L.G., García*, 155 DPR 713, 725 (2001). "El contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa...". Art. 1237 del Cód. Civil, 31 LPRA sec. 9771.

En lo que atañe al caso del título, "[p]or el contrato de depósito, el depositario se obliga a recibir un bien para custodiarlo y restituirlo con sus frutos cuando lo solicite el depositante". Art. 1454 del Cód. Civil, 31 LPRA sec. 10511. El depositante puede ser cualquier persona que tenga la posesión del bien y la restitución del depósito debe hacerse al depositante. Arts. 1459-1460 del Cód. Civil, 31 LPRA secs. 10516-10517. Al momento de la restitución, el depositario no puede exigir al depositante que pruebe ser el dueño de la cosa depositada. Art. 1460 del Cód. Civil, 31 LPRA sec. 10517.

A esos fines, el depositario está obligado a: (a) guardar el bien con diligencia; (b) no usar el bien que guarda; (c) restituirlo cuando le sea requerido, en el lugar donde está depositado; (d) guardar discreción sobre el contenido del depósito; y (e) avisar inmediatamente al depositante cuando la guarda requiera gastos extraordinarios, así como pagar los gastos urgentes. Art. 1461 del Cód. Civil, 31 LPRA sec. 10521. Por su parte, el depositante está obligado a: (a) pagar el precio cuando el depósito sea oneroso o, si el depósito sea gratuito, pagar los gastos razonables incurridos para guardar y restituir el bien; (c) pagar los gastos extraordinarios consentidos o los urgentes en que haya incurrido el depositario; y (d) si el depósito es gratuito, recibir el bien en el momento cuando lo requiera el depositario. Art. 1462 del Cód. Civil, 31 LPRA sec. 10522. De ordinario, el contrato de depósito se presume oneroso. En esos casos, el depositario puede retener la cosa depositada hasta el pago de lo que se le deba por razón del depósito. Arts. 1457 y 1463 del Cód. Civil, 31 LPRA secs. 10514 y 10523.

### III.

En su primer señalamiento de error, el señor Pérez Torres alega que el TPI erró al resolver que no hubo falta de parte indispensable, según reclamó en la solicitud de desestimación. Aduce que la señora Ortiz Rodríguez generaba un salario bruto inferior a $3,000.00 mensuales, por lo que resultaba imposible que pudiese ahorrar la

cantidad de $87,200.00 en un periodo de 36 meses. Reniega que la apelada realizara actos de mera administración de los fondos de la Sociedad Legal de Gananciales habida entre ésta y el señor Martínez Lee, por lo que éste era indispensable en el pleito para poder emitir un remedio completo y adecuado o de lo contrario el dictamen resulta nulo.

En este caso, el señor Pérez Torres recalcó en sus peticiones desestimatorias el fundamento de haber dejado de acumular a una parte indispensable. No obstante, consideramos que la desestimación no procede bajo ese supuesto. Primero, una estimación integral de las alegaciones bien aseveradas de la *Demanda Enmendada*, las cuales debemos dar por ciertas, establece de manera plausible una reclamación que justifica la concesión del remedio invocado por la apelada. Decididamente, las alegaciones de la reclamación son suficientes para aducir el incumplimiento de la obligación contraída por el apelante, sin la necesidad de la intervención del señor Martínez Lee, quien no fue parte del acuerdo verbal y, además, dejó palmariamente claro su conocimiento de los hechos y su falta de interés de figurar como parte en este pleito. Recuérdese que el interés de una parte indispensable debe ser real y no meras especulaciones. Segundo, resulta importante reiterar que el señor Martínez Lee enfatizó que lo "relacionado con la comunidad postganancial que pudiera existir entre la señora Ortiz Rodríguez y [él] es un asunto privado fuera de la injerencia o del interés del señor Pérez Torres"[35] y ajeno a las controversias del litigio, que se reducen a la entrega de un dinero para fines de depósito, custodia y eventual restitución.[36] Por lo tanto, concluimos que no erró el TPI al prescindir del señor Martínez Lee al dictar el remedio completo aquí impugnado.

En el segundo señalamiento de error, el apelante plantea error al TPI por resolver que se configuró un contrato de depósito, a pesar de su nulidad. Sostiene que la señora Ortiz Rodríguez no pudo haber hecho un

---

[35] Entrada 55 SUMAC, Anejo 8 (acápite 7) y determinación de hecho 14 de la *Sentencia*.
[36] Entrada 55 SUMAC, Anejo 8 (acápite 7) y determinación de hecho 14 de la *Sentencia*.

contrato de depósito sobre un dinero que no le pertenecía, lo que califica como deshonesto e ilícito.

Somos del criterio que el argumento esbozado es inmeritorio, no sólo por su naturaleza especulativa y ausencia de prueba en el expediente, sino porque el asunto ha sido superado con las precitadas expresiones juradas del señor Martínez Lee. A base de éstas, al igual que el planteamiento de falta de parte indispensable discutido previamente, el TPI evaluó el argumento sobre causa ilícita y lo descartó.

En esta causa, por el contrario, la evidencia documental y las admisiones del apelante establecen indubitadamente que se perfeccionó un contrato verbal de depósito válido entre los litigantes. Del mismo modo, se probó la realización de depósitos dinerarios bajo el entendido de su restitución, lo que la señora Ortiz Rodríguez requirió el 3 de diciembre de 2024, poco después de su divorcio con el señor Martínez Lee, sin que se haya cumplido la obligación.

El apelante admitió que recibió depósitos de dinero en sus cuentas bancarias provenientes de la apelada (cuenta de ahorros número 508-453594 del Banco Popular).[37] Por igual, reconoció que la apelada confiaba en que mantendría custodiado el dinero y se lo devolvería cuando lo solicitara; también aceptó que utilizó el dinero depositado para su beneficio personal.[38] Nótese, además, que el ordenamiento procesal dispone que basta con que el depositante haya tenido la posesión del bien para que la restitución deba hacerse a favor del depositante. Arts. 1459-1460 del Cód. Civil, *supra.* Incluso, al momento de la restitución, el depositario no puede exigir al depositante que pruebe ser el dueño de la cosa depositada. Art. 1460 del Cód. Civil, *supra.* El error no se cometió.

En los errores tercero, cuarto y quinto, que discutiremos en conjunto, el apelante afirma haber controvertido los hechos a base de

---

[37] Entrada 55 SUMAC, Anejos 6-7 (acápites 2 y 34) y determinación de hecho 7 de la *Sentencia.*
[38] Entrada 55 SUMAC, Anejos 6-7 (acápites 14 y 50) y determinaciones de hecho 7 y 11 de la *Sentencia.*

una declaración jurada "específica y directa". Menciona controversias en torno a quién pertenecía el dinero depositado, la cuestión sobre el salario de la apelada o si ésta ocultó al exesposo los depósitos. El señor Pérez Torres arguye también que el descubrimiento de prueba no había culminado y que el TPI incidió al refrendar las alegaciones de la señora Ortiz Rodríguez, a pesar de ser contrarias a derecho.

De entrada, el tercer señalamiento nos desconcierta porque no existe en el expediente electrónico la aludida declaración jurada. A ello, añadimos que la oposición a la solicitud de sentencia sumaria del señor Pérez Torres tampoco satisfizo las formalidades de la norma procesal, al basarse meramente en alegaciones conclusorias que, por sí solas, no lograron controvertir los hechos expuestos y avalados con prueba admisible, según consta en la moción dispositiva de la apelada.

De otro lado, en las últimas dos contenciones, el apelante argumenta que el procedimiento de descubrimiento de prueba no había culminado, ya que estaba pendiente la toma de las deposiciones. Implica que los hechos del caso no se definen con prueba documental, sino con los testimonios de las partes. Alude, además, a varias incidencias procesales.

A pesar de argumentar que el procedimiento de descubrimiento de prueba no había culminado, ya que estaban pendientes la toma de deposiciones mutuas. Lo cierto es que desde el 16 de junio de 2025, el TPI pautó el cierre del descubrimiento para el 15 de septiembre de 2025: es decir, un plazo de tres meses. Si bien la apelada interpuso la *Demanda Enmendada* el 29 de julio de 2025, no surge del expediente alguna moción de prórroga por parte del apelante dirigido a completar el presunto descubrimiento inconcluso. De hecho, el señor Pérez Torres refiere a una contestación a la demanda enmendada que no existe en el expediente electrónico. En su lugar, el 4 de septiembre de 2025, lo que solicitó el apelante, por segunda ocasión, fue la desestimación de la alegación enmendada, que el TPI resolvió en el dictamen final. Entonces,

el 23 de septiembre de 2025, la señora Ortiz Rodríguez presentó en conjunto su oposición a la desestimación y la petición por la vía de apremio. Esta última, dentro del plazo de 30 días a partir de la culminación del descubrimiento como dicta la norma de procedimiento. Ciertamente, el apelante no puede alegar la comisión de un error cuando le es imputable la inercia procesal y cuando, en efecto, el expediente cuenta con sus admisiones juramentadas.

En suma, luego de un examen *de novo*, opinamos que procede confirmar el dictamen sumario apelado, toda vez que el señor Pérez Torres no controvirtió los hechos esenciales y materiales debidamente establecidos por la parte apelada mediante su *Moción de Sentencia Sumaria*. Los hechos incontrovertidos consignados en la *Sentencia* están fundamentados mediante prueba documental confiable y las propias admisiones del apelante, realizadas bajo juramento. No albergamos duda de la corrección de los enunciados probados y de la procedencia de la resolución mediante el mecanismo sumario. Por consiguiente, el señor Pérez Torres debe dar cumplimiento a la patente obligación contraída con la señora Ortiz Rodríguez de restituir el dinero depositado.

**IV.**

Por las razones expuestas, confirmamos la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones